IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. COX,<br><br>        Plaintiff,<br><br>  v.<br><br>STAFF AT MISSION CREEK HOUSING,<br><br>        Defendant.<br>_____/ | No. C 07-1661 CW<br><br>ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

    On March 22, 2007, Plaintiff William M. Cox filed his complaint and request for leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). On March 26, 2007, the Court issued an Order Dismissing Action with Leave to Amend (March 26 Order). In the March 26 Order, the Court explained that Plaintiff had failed to allege any basis for federal jurisdiction over his complaint and he failed to include a demand for judgment for the relief he seeks. Therefore, the Court dismissed the complaint with leave to amend no later than April 27, 2007. On March 30, 2007, Plaintiff filed an amended complaint (FAC). However, Plaintiff's FAC is still deficient. The Court denies Plaintiff's request to proceed in forma pauperis and dismisses his complaint with leave to amend.

    The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty and has presented a claim that is not factually or legally frivolous within the definition of

§ 1915(e)(2)(B).[1] O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). Thus, the court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Id. (quoting Reece v. Washington, 310 F.2d 139, 140 (9th Cir. 1962); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965)). An in forma pauperis complaint is frivolous if it has "no arguable basis in fact or law." O'Loughlin, 920 F.2d at 617; Tripati, 821 F.2d at 1379; Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

The Supreme Court has held that dismissal prior to service under 28 U.S.C. § 1915(e)(2)(B) is appropriate where no legal interest is implicated, i.e., the claim is premised on a meritless legal theory, or clearly lacking any factual basis. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Section 1915(e)(2)(B) accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims where the factual contentions are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 34 (1992). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the

---

[1]Section 1915(e)(2)(B) states:

> . . . the court shall dismiss the case at any time if the court determines that--
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

2

court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Id.

In his FAC, Plaintiff makes the following allegations. The man who lives above Plaintiff bangs on his floor, which is Plaintiff's ceiling. This man speaks Cantonese. All the people at Mission Creek are members of an ethnic group: some speak Tagalog, a few Spanish and a few English. Although they say they speak English, Plaintiff cannot understand them. Therefore, the African American tenants need a representative. Plaintiff "asked for American African [sic] rep: I was jeopardizing housing! I could not talk? with other tenant's [sic]." Plaintiff alleges that this is a violation of his First Amendment right.

Plaintiff also alleges that there was an illegal "coming in and out my apartment without me knowing with 'key' taking federal legal papers." Plaintiff alleges that "this is a conspiracy, put me under stress, a sick older person." Plaintiff alleges that this is a violation of his Fourth Amendment right.

Plaintiff also alleges that his phone is tapped and that this proves "it's a conspiracy. Even the City Police act funny when I call them."

Plaintiff demands $25,000 in damages for "stress caused by harassment."

## DISCUSSION

I. Constitutional Claims

Claims of constitutional violations must be brought under 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the

3

'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. Paul v. Davis, 424 U.S. 693, 697 (1976).

A. Acting Under Color of State Law

All of Plaintiff's constitutional claims fail because he does not name an individual, acting under color of state law, who violated his rights.[2] Although Plaintiff alleges that Mission Creek gets financing from HUD, this is not sufficient to allege that any staff member is a state actor for purposes of stating a § 1983 claim. Private conduct may qualify as state action when "the State has so far insinuated itself into a position of

---

[2] On page two of his complaint, Plaintiff mentions five people: Jose Vega, Michelle Zhao, Lawrence Av, Paul Lam, and Edwin Ballesteros. Plaintiff does not name these people as defendants, he does not indicate that they are state actors, and he does not allege what actions each individual undertook that violated his constitutional rights.

4

interdependence with the private party that it must be recognized as a joint participant in the challenged activity." Neal v. Martinez, 2003 WL 260524, *2 (S.D.N.Y.).  In Neal, the plaintiff named as defendants the owner and manager of a housing project that received federally-financed mortgages and was subject to regulatory oversight by HUD.  Id.  The court indicated that whether a regulatory scheme subjects private conduct to § 1983 liability is evaluated under the "sufficiently close nexus" standard which requires a showing that the State has "exercised coercive power or provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Id.  The court noted that the allegations in the complaint merely stated that the defendants were recipients of federal financial assistance and had used the assistance to support the operation, management, and maintenance of the properties which were under the regulatory control of HUD.  The court concluded that "the pleading is inadequate as a matter of law.  Government funding and associated regulation of a private entity . . . is insufficient to transform otherwise private conduct into state action.  Moreover Plaintiffs assert no concrete facts that the state -- here the federal government through HUD --exercised any power or influence over Defendants in any way to force or encourage Defendants to act in a manner that violated Plaintiffs' rights under § 1983."  Id.

In his FAC, Plaintiff alleges less than the plaintiffs in Neal regarding how HUD financing through section 8 transforms the Mission Creek staff into actors under color of state law.  For this reason Plaintiff's constitutional claims must be dismissed.  The

5

1 Court next addresses whether Plaintiff has alleged sufficiently
2 that Defendants committed a constitutional violation.

### B. Constitutional Violations

#### 1. First Amendment

In order to state a First Amendment free speech claim, a plaintiff must plead that a government official sought to chill protected speech. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The First Amendment generally protects all speech and expressive conduct from abridgement by the government. Texas v. Johnson, 491 U.S. 397, 404 (1989). "State action designed to retaliate against and chill political expression strikes at the heart of the First Amendment." Id.

Plaintiff's allegations in this section are cryptic, but it appears that he alleges that he was criticized for requesting an African American representative. Plaintiff does not indicate who criticized him or how he was criticized or whether he was retaliated against for making this statement or how his speech was chilled. Therefore, his allegations are insufficient to state a claim for a First Amendment violation.

#### 2. Fourth Amendment

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment generally prohibits warrantless searches or seizures without probable cause or reasonable suspicion. United States v. Sparks, 265 F.3d 825 (9th Cir. 2000). Plaintiff's complaint alleges that someone came into his apartment without his knowledge and took his federal legal papers. However, he does not indicate who came into his room to

1 take his legal papers and how this individual acted under state law.
2 II. Non-constitutional Claims
3     Plaintiff also alleges that his civil rights under §§ 441 and
4 443 were violated. However, Plaintiff does not identify under which
5 title of the United States Code these sections fall. The Court has
6 failed to find any such statute that would apply to Plaintiff's
7 allegations. Therefore, these putative claims are dismissed.

## CONCLUSION

Plaintiff's complaint is dismissed. He is granted leave to amend his claims under the First and Fourth Amendments. In an amended complaint, Plaintiff must name as a Defendant each individual who violated his rights. He must specify how each Defendant acted under color of state law and the actions of each Defendant that violated his rights. Plaintiff may also identify what title §§ 441 and 443 fall under and how each Defendant violated the rights provided by these statutes. If Plaintiff wishes to file an amended complaint, he must do so within thirty days of the date of this order. If Plaintiff does not file a second amended complaint within thirty days, his case will be dismissed.

IT IS SO ORDERED.

Dated: 6/7/07

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

Copies mailed as noted on the following page

7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

COX et al,

        Plaintiff,

v.

STAFF AT MISSION CREEK HOUSING et al,

        Defendant.

Case Number: CV07-01661 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 7, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William M. Cox
225 Berry Street # 402
San Francisco, CA 94158

Dated: June 7, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

8